**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| 13THIRTY GROUP LLC, <br><br>            Plaintiff, <br><br>     - against - <br><br> KEHOE CORP. and JOSEPH KEHOE, <br><br>            Defendants. | Civil Action No.: 7:26-cv-2262 <br><br> **COMPLAINT** <br><br> **Jury Trial Demanded** |

Plaintiff 13Thirty Group LLC ("Plaintiff"), by its attorneys Mertzel Law PLLC, as and for its complaint against defendants Kehoe Corp. (the "Contractor") and Joseph Kehoe ("Joseph") (collectively, "Defendants"), alleges as follows:

**NATURE OF THIS ACTION**

1.     This is an action for copyright infringement of Plaintiff's rendering of the design of a home pursuant to 17 U.S.C. § 501.

2.     Without Plaintiff's permission or consent, Defendants copied Plaintiff's design and used it in marketing materials seeking to promote their construction business.

3.     By this action, Plaintiff seeks an injunction and monetary relief arising from Defendants' unauthorized activities.

**PARTIES**

4.     Plaintiff is a domestic limited liability company organized and existing under the laws of the State of New York with a principal place of business at 56 Carroll Street, Sag Harbor, New York 11963.

5. The Contractor is a corporation organized and existing under the laws of the State of New York with a principal place of business at 1 Spring Hill Lane, Apt. 109, Newburgh, New York 12550.

6. Upon information and belief, Joseph is the principal of the Contractor and an individual with an address of 1 Spring Hill Lane, Apt. 109, Newburgh, New York 12550.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) in that this action arises under the Copyright Act, 17 U.S.C. § 101 *et seq*.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c).

## FACTS

### A. Plaintiff's Copyrighted Work

9. Plaintiff's principal Jaime Richichi ("Richichi") spent substantial time and effort doing research and development on the design of a house and the way it would look visually, including colors, textures, plantings and other non-structural aspects. In November 2020, Richichi hired Asep Design, a freelance services company, to create renderings of the of the interior and exterior of the home (the "Design Plans").

10. Richichi engaged Asep through the Fiverr platform, which is an online marketplace for freelance services. Pursuant to Fiverr's Terms of Service, Richichi was the owner of a copyright in the Design Plans. Specifically, Section 10 of Fiverr's Terms of Service provides as follows:

> Ownership and limitations: When purchasing a Service on Fiverr, unless clearly stated otherwise on the Seller's Gig page/description or in the Custom Offer, when the work is delivered, and subject to payment, the Buyer is granted all intellectual property rights, ***including but not limited to, copyright in the work delivered from the Seller***, and the Seller waives any and all moral rights (to the extent permitted by applicable law) therein.

> ***Accordingly, the Seller expressly assigns to the Buyer the copyright in the delivered work.*** All transfer and assignment of intellectual property to the Buyer shall be subject to full payment, and the delivery may not be used if payment is cancelled for any reason. For removal of doubt, in custom created work (such as art work, design work, report generation etc.), the delivered work and its copyright shall be the exclusive property of the Buyer and, upon delivery, the Seller agrees that it thereby, pursuant to the Terms, assigns all right, title and interest in and to the delivered work to the Buyer. use.

11.     Richichi applied for and obtained Certificate of Registration No. VA2-469-370 (the "Registration") for an exterior rendering of the home that was part of the Design Plans (the "Marketing Image") in the name of Richichi and Plaintiff.  A copy of the registration details from the Copyright Office, along with the deposit material, is attached hereto as **Exhibit 1**.

12.     Subsequently, Richichi obtained Supplementary Registration No. VA2-489-451 (the "Supplementary Registration") for the Marketing Image in her name.  A copy of the supplementary registration details from the Copyright Office is attached hereto as **Exhibit 2**.

13.     Richichi assigned to Plaintiff all of her right title and interest to the Design Plans and the Marketing Image, including the Registration and the Supplementary Registration, by written assignment dated March 17, 2026.

### B.  Defendant's Unauthorized Use of the Marketing Image

14.     In or about October 2020, Plaintiff purchased the property located at 361-377 Plattekill Road, Marlboro, New York (the "Premises") for the purpose of building a unique single-family residential home.

15.     In April 2022, Plaintiff engaged the Contractor to build a home at the Premises using architectural plans Plaintiff purchased from America's Best House Plan and the Design Plans.

16.     Although Plaintiff only granted the Contractor permission to use the Design Plans to build the home at the Premises, Defendants copied the Marketing Image and used it in their own marketing materials and advertisements seeking to promote and bolster their home building business.  A copy of an advertisement by Defendants which copies Plaintiff's Marketing Image is attached hereto as **Exhibit 3**.

17.     At no time did Plaintiff authorize or grant permission to Defendants to use the Marketing Image to market and promote their business.  Defendants were only authorized to use the Design Plans to build the Premises for Plaintiff.

18.     Upon information and belief, Defendants have gained additional customers and business opportunities, which they would not have otherwise obtained, by reproducing Plaintiff's Marketing Image to build, advertise and market their business.

19.     Upon information and belief, Defendants have profited, and are continuing to profit, from these additional customers and business opportunities that were secured through unauthorized copying of Plaintiff's Marketing Image to advertise and market their business.

20.     In addition to its unlawful copying of Plaintiff's Marketing Image, Defendants have constructed at least one home featuring Plaintiff's proprietary and copyrighted Design Plans.  Upon information and belief, Defendants used Plaintiff's Design Plans, including the Marketing Image, to market, promote and build that home.

21.     Defendants continued their unauthorized reproduction and distribution of Plaintiff's Marketing Image even after notice of Plaintiff's objection.

22.     Defendants' actions are willful and in bad faith.  Plaintiff is therefore forced to bring this action to protect its valuable copyright rights.

## CLAIM FOR RELIEF
### (Copyright Infringement – 17 U.S.C. § 101 et seq)

23.     Plaintiff repeats and re-alleges all prior paragraphs.

24.     Plaintiff is the owner of all right, title and interest in and to the Marketing Image and the exclusive rights to it afforded under the Copyright Act.

25.     Defendants infringed Plaintiff's copyright in the Marketing Image by reproducing, distributing, publicly displaying and creating derivative works from it in advertisements for their business and using it to construct homes for others.  Defendants were never given permission to use the Marketing Image for any purpose other than to construct a home for Plaintiff on the Premises.

26.     Defendants' unlawful and willful actions as alleged herein violate Plaintiff's exclusive rights to reproduce, distribute, publicly display and prepare derivative works based on the Marketing Image, and to authorize and license the same.

27.     Defendants' acts constitute infringement of Plaintiff's Marketing Image, in violation of 17 U.S.C. § 501.

28.     Defendants' knowing and intentional infringement is causing immediate and irreparable harm and injury to Plaintiff and will continue to substantially damage Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law.

29.     As a result of Defendants' copyright infringement, Plaintiff is entitled to preliminary and permanent injunctive relief, enjoining and restraining Defendants and their officers, agents, servants, employees and/or those in active concert or participation with them from any further infringement of the Marketing Image.

30.    As a direct and proximate cause of the infringement by Defendants of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendants' profits from the infringement, pursuant to 17 U.S.C. § 504(b).

31.    Plaintiff is also entitled to recover its full costs, pursuant to 17 U.S.C. § 505.

## JURY DEMAND

32.    Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A.  granting Plaintiff a permanent injunction, enjoining and restraining Defendants, its officers, agents, servants, employees and/or those in active concert or participation with them from any further copyright infringement of the Marketing Image;

B.  awarding Plaintiff monetary damages against Defendants in an amount to be determined at trial;

C.  awarding Plaintiff its full costs, pursuant to 17 U.S.C. § 505; and

D.  awarding Plaintiff such other and further relief as the Court deems just and proper.

Dated: New York, New York                MERTZEL LAW PLLC
       March 18, 2026

                                         By:    s/ Nancy J. Mertzel
                                                Nancy J. Mertzel
                                                Lisa A. Frey
                                                5 Penn Plaza, 19th Floor
                                                New York, NY  10001
                                                (646) 965-6900

                                         *Attorneys for Plaintiff*